UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20326-CR-KMM

UNITED STATES OF AMERICA

vs.

ANDRE LORQUET,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (The "Office") and Andre Lorquet (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 7 of the indictment, which charges the defendant with money laundering, in violation of Title 18, United States Code, Section 1957; and Count 9 of the indictment, which charges the defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1).

2. This Office agrees to seek dismissal of all remaining counts of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The

defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that the Court may impose a maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to 3 years, for Count 1. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 for Count 1, and may order forfeiture and restitution. The defendant also understands and acknowledges that the Court must impose a term of imprisonment of 2 years for Count 9, which must run consecutively to any other term of imprisonment. In addition, the Court may impose up to 1 year of supervised release for Count 9 and a fine of up to $250,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed

shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section

3

3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

10. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading

guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

11. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

12. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, involved in the violation of 18 U.S.C. § 1957 and any property traceable to such property, pursuant to 18 U.S.C.§ 982(a)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C.§ 853(p). The property subject to forfeiture includes, but is not limited to:

    a. a forfeiture money judgment in the sum of $329,195 in U.S. currency, which sum represents the value of the property subject to forfeiture;

    b. directly forfeitable property to be applied towards satisfaction of the forfeiture money judgment, including but not limited to, approximately $92,000 in Bank of America account number 8981 0729 7999 in the name of The B Murray Group LLC; and

    c. substitute property to be applied towards satisfaction of the forfeiture money judgment, including but not limited to:

        i. One (1) 2022 Tesla Plaid, VIN# 5YJSA1E66NF460071; and

        ii.        Approximately $100,358.73 in insurance proceeds for one (1) 2019 Porsche Panamera GTS, VIN# WP0AG2A77KL139387.

13. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15. In the event the defendant withdraws from this agreement before or after pleading guilty to the charges identified in paragraph two above, or should the Office, in its sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, the Office will be released from its obligations under this agreement, and the defendant agrees and understands that the defendant has adopted the entire factual basis as the defendant's statements,

and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

16. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/24/23         By: _____
                          JONATHAN BAILYN
                          ASSISTANT UNITED STATES ATTORNEY

Date: 1/24/23         By: _____
                          ZELJKA BOZANIC
                          ATTORNEY FOR DEFENDANT

Date: 1/24/23         By: _____
                          ANDRE LORQUET
                          DEFENDANT

7