UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20326-KMM

UNITED STATES OF AMERICA

v.

ANDRE LORQUET,

    Defendant.

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant Andre Lorquet (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $329,195 in U.S. currency, and the forfeiture of certain property in satisfaction thereof, including but not limited to: $92,000 in Bank of America account number 8981 0729 7999 in the name of The B Murray Group; one (1) 2022 Tesla Plaid, VIN# 5YJSA1E66NF460071; and approximately $100,358.73 in insurance proceeds for one (1) 2019 Porsche Panamera GTS, VIN# WP0AG2A77KL139387. In support of this motion, the United States provides the attached Declaration of Special Agent Jose Hernandez of the Department of Homeland Security, Homeland Security Investigations ("HSI") and the following factual and legal bases.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 21, 2022, a federal grand jury returned an Indictment charging the Defendant with money laundering in violation of 18 U.S.C. § 1957, among other counts. Indictment, ECF No. 1. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1957, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 10. The Indictment identified assets subject to forfeiture, including one 2022 Lamborghini Urus, VIN# ZPBUA1ZL1NLA16143. *Id.*

The Defendant sold the Lamborghini on or about November 15, 2022. *See* Declaration of Special Agent Jose Hernandez, attached as Exhibit A. The proceeds from the sale of the Lamborghini were deposited in a Bank of America account number 8981 0729 7999 in the name of The B Murray Group. *Id.*

On December 1, 2022, the Court entered a Protective Order. ECF No. 18. The Protective Order enjoined and restrained certain vehicles to preserve their availability for criminal forfeiture, including the 2022 Lamborghini Urus, VIN# ZPBUA1ZL1NLA16143. *Id.* In the Protective Order, based upon a probable cause finding, the Court enjoined the Defendant, his agents and representatives, from selling and transferring the restrained vehicles without prior Court approval and notice to the United States. *Id.*

On January 24, 2023, the Court accepted the Defendant's guilty plea to Counts 7 and 9 of the Indictment. *See* Minute Entry, ECF No. 43, 44, 50; Plea Agreement, ECF No. 45. As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $329,195 and the forfeiture of certain property to be applied towards satisfaction of the forfeiture

money judgment. ECF No. 45. Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 12. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, involved in the violation of 18 U.S.C. § 1957 and any property traceable to such property, pursuant to 18 U.S.C.§ 982(a)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C.§ 853(p). The property subject to forfeiture includes, but is not limited to:
>     a. a forfeiture money judgment in the sum of $329,195 in U.S. currency, which sum represents the value of the property subject to forfeiture;
>     b. directly forfeitable property to be applied towards satisfaction of the forfeiture money judgment, including but not limited to, approximately $92,000 in Bank of America account number 8981 0729 7999 in the name of The B Murray Group LLC; and
>     c. substitute property to be applied towards satisfaction of the forfeiture money judgment, including but not limited to:
>         i. One (1) 2022 Tesla Plaid, VIN# 5YJSA1E66NF460071; and
>         ii. Approximately $100,358.73 in insurance proceeds for one (1) 2019 Porsche Panamera GTS, VIN# WP0AG2A77KL139387.

Plea Agreement ¶ 12.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 47. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

All property, real or personal "involved in" a violation of 18 U.S.C. § 1957, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 982(a)(1); 28 U.S.C. § 2461(c). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264,

1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A). To the extent there is a third-party interest to any forfeited asset, such claims are addressed after the property is preliminary forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2.

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

### C. Substitute Property

If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Fleet*, 498 F.3d 1225, 1227-31 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset); *United States v. Knowles*, No. 19-14309, 2020 WL 3583413, at *1 (11th Cir. July 2, 2020) ("We've held that the word 'any' in § 853(p) is a broad word that 'does not mean some or all but a few, but instead means all . . . .'") (citing *Fleet*, 498 F.3d at 1229). Substitute assets are available for forfeiture upon a showing that, due to any act or omission of a defendant, directly forfeitable property:

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). The government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

### D. Property Subject to Forfeiture in Instant Criminal Case

As set forth in the factual proffer, the Defendant laundered the proceeds from his wire fraud to obtain an SVOG grant, through transfer in the approximate amount of $329,195 for the purchase of a Lamborghini Urus, VIN # ZPBUA1ZL1NLA16143. ECF No. 47. Based on the record in this case, the total value of the property involved in the offense of conviction is $329,195 in U.S. currency, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

The Defendant sold the Lamborghini, the property involved in the money laundering, on

or about November 15, 2022. Ex. A. On November 15, 2022, the buyer wired $240,000 to purchase the Lamborghini to Bank of America account number 8981 0729 7999 in the name of The B Murray Group. *Id.* Account 7999 transferred $115,000 to Account 6905, from where those funds were withdrawn and spent. *Id.* This left approximately $125,000 from the sale of the Lamborghini in Account 7999, which were spent down until only $92,000 remained in the account, which is proceeds from sale of the Lamborghini. *Id.* In addition, also based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. 982(a)(1):

    i.    approximately $92,000 in U.S. currency in Bank of America account number 8981 0729 7999 in the name of The B Murray Group LLC.

The United States has also not been able to locate all of the directly forfeitable property. It is the conclusion of HSI Special Agent Jose Hernandez that other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. Ex. A. Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property, and the following property should be forfeited to satisfy the forfeiture money judgment:

    i.    One (1) 2022 Tesla Plaid, VIN# 5YJSA1E66NF460071; and

    ii.    Approximately $100,358.73 in insurance proceeds from Coast National Insurance for one (1) 2019 Porsche Panamera GTS, VIN# WP0AG2A77KL139387.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail and a phone call on February 22, 2023, and there is no objection to the relief sought in this motion.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   *s/ G. Raemy Charest-Turken*
Gabrielle Raemy Charest-Turken
Assistant United States Attorney
Florida Bar No. 15939
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9365
E-mail: Gabrielle.Charest-Turken@usdoj.gov