UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cr-20326-KMM

**UNITED STATES OF AMERICA**
                    **Plaintiff,**
**vs.**

**ANDRE LORQUET,**
                    **Defendant.**

_____/

## DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant, ANDRE LORQUET, by and through undersigned counsel, pursuant to Rule 32(f) of the Federal Rule of Criminal Procedure, Rule 88.9 of the Local Rules for the Southern District of Florida and the Due Process Clause of the Fifth Amendment to the United States Constitution, respectfully files the Defendant's objections to the Pre-Sentence Investigation Report (PSI) and states:

1.  Paragraphs 6 and 40

Mr. Lorquet objects to paragraphs 6 and 40 in that he did not violate the conditions of his bond. Mr. Lorquet applied for a passport card, and not a passport. He did so in order to get a second ID needed for him to open a bank account. Mr. Lorquet never intended to apply for a passport, nor was his intent to use the passport card for anything other than having a second ID. Even though Mr. Lorquet's father resides in Haiti, Mr. Loquet has not had a relationship with his father since he was a child, nor can one use a passport card to travel to Haiti.

The pretrial services address entered on the bond paperwork was immediately corrected by the undersigned. When Probation Officer Jimmy Navarro advised that the address was incorrect, the undersigned reach out to Magistrate Judge Becerra who pursuant to the parties'

1

agreement corrected the bond paperwork without further intervention. On December 6, 2022, the Clerk filed a notice of filling bond paperwork with the correct address.

2.  Paragraphs 41 and 49

Mr. Lorquet objects to the obstruction of justice upward adjustment based on §3C1.1 of the Sentencing Guidelines. §3C1.1 states that if (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by **2** levels. Section 3C1.1, Note 4 specifically lists some of the covered conduct where obstruction of justice applies. Applying for a passport card cannot be construed as committing a crime or as the PSI states, failing to withdraw from criminal conduct.

Therefore, the upward adjustment pursuant for obstruction of justice pursuant to §3E1.1 Is not warranted here.

3.  Paragraphs 43 and 52

Mr. Lorquet objects to not receiving a three-level reduction for acceptance of responsibility pursuant to comment n.1(B) of §3E1.1. and because 'it does not appear that he has voluntarily withdrawn from criminal co0nduct, therefore accepting criminal liability". Mr. Lorquet's application for a passport card can in no way be construed as criminal conduct. Even if one was to consider it to be a violation of the terms of his bond, it is not committing a crime.

It is within the Court's discretion whether or not to give a reduction for acceptance of responsibility when a defendant has committed another crime before sentencing. See *United States v. Scroggins*, 880 F.2d 1204 (11th Cir. 1989). Mr. Lorquet certainly did not commit a new

crime by applying for a passport card. As previously stated, Mr. Lorquet applied for a passport card, not a passport, for the sole purpose of having a second ID so that he could open a bank account. This application cannot be construed as someone committing a new crime. Therefore, Mr. Lorquet should receive acceptance of responsibility.

    4.   Paragraphs 53 and 101

If the Court sustains Defendant's objections, the total offense level should be 22, a criminal history category I, and a guideline imprisonment range of 41-51 months.

**CERTIFICATE OF SERVICE**

I HEREBY certify that on March 13, 2023, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

Respectfully submitted,

BOZANIC LAW, P.A.
2847 Hollywood Blvd.
Hollywood, FL 33020
Telephone:    954.920.9750
Facsimile:    954.400.0335
E-Mail: Zeljka@bozaniclaw.com

    /s/*Zeljka Bozanic*

By:_____
    Zeljka Bozanic
    Florida Bar No.  23707