UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20326-CR-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRE LORQUET

    Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION TO DENY MOTION TO WITHDRAW GUILTY PLEA

Defendant, Andre Lorquet, objects to the Magistrate Judge's Report and Recommendation that his motion to withdraw guilty plea be denied.

In his motion to withdraw his guilty plea, Mr. Lorquet averred that he pled guilty because he was under pressure from his lawyer and believed that his lawyer would not defend him at trial. ECF 85. He argued that he did not have the close assistance of counsel, who had pressured him to plead guilty, he was threatened, the expenditure of additional judicial resources would be measured and modest, and that the government would not be prejudiced. *Id*. Mr. Lorquet also testified at a hearing held by the Magistrate Judge. In objecting to the Magistrate Judge's Report and Recommendation, Mr. Lorquet is entitled to *de novo* review. *See* 28 U.S.C. § 636. Indeed, he must object if he is to preserve appellate review. Aware of that fact, Mr. Lorquet instructed the undersigned counsel to object to the R&R.

Mr. Lorquet objects to the Magistrate's Judge's findings and conclusions and restates and advances the facts and arguments that he made in his motion to withdraw his guilty plea. ECF 85. As he testified, he only pled guilty because he felt his back was against the wall. His lawyer had abandoned him as far as he was concerned. And he had been threatened by people who did not want his trial to expose their involvement in the loan fraud scheme with which Mr. Lorquet was charged.

Mr. Lorquet further avers that there is new evidence which seriously calls into question whether he committed aggravated identity pursuant to 18 U.S.C. 1028A as charged in count 9. The alleged victim of the alleged aggravated identity theft is an accountant named "CD" who owns a company called Evolve Financial Services. The government's evidence and theory of the case, as it relates to count 9, is that CD's identity was used without her knowledge or involvement to submit false tax documents to the Small Business Administration (SBA) in connection with a fraudulent Covid-relief loan. *See* Indictment, count 9, ECF 1 (charging aggravated identity theft), and Factual Proffer, ECF 47 (stating that how CD's name as tax preparer and electronic filing identification number were listed on IRS form1120 submitted to the SBA).

During an ongoing investigation into other fraudulent Covid-relief loans, the government recently uncovered evidence, which indicates that CD appears to have been involved in fraudulent Covid-relief loans like those at issue in the instance case. CD's company Evolve Financial Services, it turns out, was paid tens of thousands of

dollars from Covid-relief loan borrowers. Attached as composite Exhibit "A" are redacted copies of *some* of those checks,[1] which show highly suspicious payments to Evolve Financial Services. The following payments are shown in the checks attached as composite exhibit A:

- May 19, 2020 ACH transfer to Evolve Financial Services of $178,258.

- June 30, 2202 Check to Evolve Financial Services for $59,425. Check does identify the account holder and the subject line states "payment."

- June 1, 2020 Deposit to TD Bank Account Check Withdrawal of $8,800, $5,000 of which is Cashier's Check to CD, personally.

- July 1, 2020 Check to Evolve Financial Services for $63,750 from RBA Global, LLC 20401 NW 2nd Avenue, Ste 208, Miami Gardens Drive.

- July 3, 2020 Check to Evolve Financial Services for $57,784 from Leveraged Investments, Inc., 8695 NW 24th Court Ft. Lauderdale, Florida 33322. That address is in Sunrise rather than Ft. Lauderdale and Google Maps shows it is a humble single-family home in a residential neighborhood.

The amounts of the checks and payments, which are for significant sums and do not look like they relate to any legitimate tax accounting services, makes it appear that CD was paid a cut of multiple borrowers' fraudulent loans in exchange for having helped them obtain the loans.

---

[1] The government produced additional checks and documents, including $150,000 in multiple payments from a company to CD's company, Evolve Financial Services. The PDF copies, however, were corrupted so that they could not be redacted and thus they are not included in the exhibit.

This newly discovered *Brady* evidence seriously challenges the notion that anyone used CD's identity without her involvement in the fraudulent loan as alleged in connection with the aggravated identity theft offense charged in count 9. As such, the new evidence provides a fair and just reason for withdrawal of the guilty plea to count 9. *See United States v. Garcia*, 401 F.3d. 1011-1012 (9th Cir. 2005) (ruling that newly discovered evidence constituted "fair and just reason" permitting withdraw of guilty plea because it "could have plausibly motivated a reasonable person in Garcia's position to have not pled guilty had he known about the evidence before pleading guilty.") (Finding that district court improperly focused on the voluntariness of the plea and timing of motion to withdraw the plea.); *Unted States v. Baptista*, 738 Fed. App'x 384, 386 (9th Cir. 2018) (holding that in considering new evidence, "the district court should ask whether new evidence could have motivated the defendant to plead not guilty."); *United States v. Groll*, 992 F.2d 755, 759-60 (7th Cir. 1993) (vacating district court's refusal to permit withdrawal of guilty plea as abuse of discretion where presentence investigation report presented unrebutted evidence corroborating entrapment defense). It is difficult to believe that a tax preparer awash in proceeds from her "clients" fraudulent loans was somehow duped and victimized in connection with the use of her name and identity in the submission of the fraudulent tax documents tied to count 9 in this case. Had Mr. Lorquet known before he pled guilty that there existed evidence of numerous shady checks paid to CD's company from which we can infer that she is a Covid-relief loan fraudster, he would not have pled guilty to count 9.

In sum, Mr. Lorquet avers that the Magistrate Judge was wrong in recommending that his motion to withdraw his guilty plea be denied. And he further avers that the evidence discovered after he pled guilty, which shows that CD is more likely was a conspirator rather than a victim of identity theft, provides a fair and just reason for withdrawal of his guilty plea to the aggravated identity theft charge in count 9.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on December 22, 2023, a true and correct copy of the foregoing has been furnished electronically via CMCEF to all counsel of record.

Respectfully submitted,

**BELL ROSQUETE REYES ESTEBAN, PLLC**
Henry P. Bell
Fla. Bar No. 090689
999 Ponce De Leon Blvd.
Suite 810
Coral Gables, Florida 33134
Telephone:   (305) 570-1610
Facsimile:   (305) 570-1599
Email:       hbell@bresq.com
*Counsel to Andre Lorquet*

By: ____*s/Henry P. Bell*_____
      Henry P. Bel

CC: Andre Lorquet – FDC Miami