UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-CR-20326-MOORE

**UNITED STATES**,

v.

**ANDRE LORQUET,**

    **Defendant**.

_____/

### UNITED STATES RESPONSE IN OPPOSITION TO THE DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON THE DEFENDNAT'S MOTION TO WITHDRAW HIS PLEA

The United States of America hereby files this Response to the Defendant's Objections to the Magistrate Judge's Report and Recommendation on the Defendant's Motion to Withdraw His Plea [ECF No. 100].

### BACKGROUND

On July 21, 2022, the Defendant was indicted by a grand jury for offenses related to COVID-relief fraud [ECF No. 1]. The Defendant had his initial appearance on November 8, 2022, and retained private counsel, Zeljka Bozanic [ECF No. 13].

On January 24, 2023, the Defendant pled guilty before the Magistrate Judge to Counts 7 and 9 of the indictment, which charged the Defendant with money laundering and aggravated identity theft, in violation of Title 18, United States Code, Sections 1957 and 1028A(a)(1). [ECF No. 44]. The Magistrate Judge recommended that the Court accept the Defendant's plea, finding that the Defendant was "fully competent and capable of entering an informed plea" and that the Defendant was "aware of the nature of the charges and the consequences of the plea." [ECF No.

43, at 3]. On February 9, 2023, the Court adopted the Magistrate Judge's recommendation [ECF No. 50].

On March 13, 2023, the Defendant filed a Motion to Withdraw his plea, alleging that he was "he was under duress" and that he "believed that he was signing paperwork related to the reinstatement of his bond." [ECF No. 55 at 1]. The same day, Ms. Bozanic moved to withdraw as counsel [ECF No. 56].

The Court held a sentencing hearing on March 30, 2023 [ECF No. 60]. At the hearing, the Court granted Ms. Bozanic's motion to withdraw as counsel, ordered the Defendant to find new counsel, and referred the motion to withdraw the plea to the Magistrate Judge [ECF Nos. 61–62].

On June 16, 2023, the Court appointed Henry Bell to represent the Defendant [ECF N. 69]. On July 24, 2023, the Defendant moved, unopposed, to withdraw his motion to withdraw his plea [ECF No. 76]. The Court scheduled sentencing for August 24, 2023 [ECF No. 77]. At the August 24, 2023, hearing, the Defendant moved again to withdraw his plea [ECF No. 80]. The Court continued sentencing until September 7, 2023. *Id.*

On September 6, 2023, Mr. Bell moved to withdraw as counsel [ECF No. 83]. On September 7, 2023, at the sentencing hearing, the Court denied Mr. Bell's motion to withdraw and allowed the Defendant to file a new motion to withdraw the plea [ECF No. 84], which the Defendant did on September 18, 2023 [ECF No. 85]. In support of the Motion to Withdraw, the Defendant alleged that he "thought he was in court for a hearing relating to his bond revocation" and that Ms. Bozanic "pressured him to go through the guilty plea." *Id.* at 4; *see also id.* at 2 (arguing that he was "under pressure from his lawyer," who "insisted and pressured him to plead guilty"). The Government filed a response in opposition [ECF No. 89].

On October 20, 2023, the Government produced to the Defendant evidence that it had gathered during another investigation into COVID-relief fraud. [ECF No. 94].[1] This evidence related to C.D., the victim of the Defendant's aggravated identity theft in Count 9 of the indictment. On October 24, 2023, Magistrate Judge Lauren F. Louis held the first day of an evidentiary hearing on the Defendant's Motion to Withdraw. [ECF No. 95]. On November 29, 2023, the Government produced to the Defendant additional evidence related to C.D. [ECF No. 98]. On October 31, 2023, Judge Louis held the second day of the evidentiary hearing. [ECF No. 96].

On December 8, 2023, Judge Louis entered a Report and Recommendation, recommending that the Defendant's Motion to Withdraw be denied. [ECF No. 99]. The Defendant filed timely Objections to the Report and Recommendation [ECF No. 100].

## LEGAL STANDARD

For "a pretrial matter not dispositive of a party's claim or defense," the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Crim. P. 59(a). For "any matter that may dispose of a charge of defense," the "district judge must consider de novo any objection to the magistrate judge's recommendation." Fed. R. Crim P. 59(b)(3). The Eleventh Circuit has held that "the validity of [a defendant's] guilty plea" is a dispositive matter. *See United States v. Martinez-Barrera*, 348 F. App'x 533, 534 (11th Cir. 2009) (finding that the court lacked jurisdiction to review the defendant's guilty plea for failure to file objections, and citing to section (b) of Rule 59); *United States v. Flores*, 257 F. App'x 164, 165 (11th Cir. 2007) (same).

---

[1] The undersigned AUSA transferred from the Miami to the West Palm Beach branch of the United States Attorney's Office in the middle of 2023, where he was assigned this investigation and began collecting and reviewing evidence.

If "specific objections to findings of facts are timely filed, the district court will conduct a *de novo* review of those facts." *United States v. Perez*, No. 8:20-CR-83-CEH-JSS, 2021 WL 1345973, at *3 (M.D. Fla. Apr. 12, 2021), *aff'd*, No. 21-12868, 2022 WL 3452470 (11th Cir. Aug. 18, 2022).  If "specific objections to findings of facts are filed, the district court is not required to conduct a *de novo* review of those findings." *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir. 1993). During a *de novo* review, "the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous." *Id.*  A "district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." *United States v. Cofield*, 272 F.3d 1303, 1305 (11th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980)).

## DISCUSSION

The Defendant makes two objections to the Report and Recommendation.  First, the plea was involuntary. Second, newly discovered evidence warrants a withdrawal.  The Defendant's objections are as follows:

(1) "[The Defendant] only pled guilty because he felt his back was against the wall. His lawyer had abandoned him as far as he was concerned. And he had been threatened by people who did not want his trial to expose their involvement in the loan fraud scheme with which Mr. Lorquet was charged."  [ECF No. 100 at 2].

(2) "[N]ewly discovered Brady evidence seriously challenges the notion that anyone used CD's identity without her involvement in the fraudulent loan as alleged in connection with the aggravated identity theft offense charged in count 9. As such, the new evidence provides a fair and just reason for withdrawal of the guilty plea to count 9."  *Id.* at 4.

The Court should overrule the Defendant's first objection to the Report and Recommendation.  The Defendant admits that this objection comprises the same "facts and arguments that he made in his motion to withdraw his guilty plea."  Obj. at 2.  The Magistrate Judge reviewed these arguments and found them without merit.  The Magistrate Judge did not credit the Defendant's claim that his lawyer would abandon him because the Defendant "did not

-4-

substantiate why he felt his back was up against a wall even if his retained counsel would not represent him at a trial; for example, he did not claim that he could not have retained new counsel or asked for appointed counsel." R&R at 9.  The Magistrate Judge did not credit the Defendant's claim that he was threatened because "[n]either the speaker nor the threat was identified," and "nothing here would allow me to agree with his characterization that the communication, if it occurred at all, was in fact a threat." R&R at 10.  In his objections, the Defendant has not raised a reason why the Magistrate Judge's finding is clearly erroneous.  For the reasons stated in the Government's Response to the Motion to Withdraw, the Defendant's true concern was being sentenced by the Court [ECF No. 86 at 8–9].

The Court should overrule the Defendant's second objection to the Report and Recommendation.  The Defendant is correct that the Government has discovered and produced to the Defendant evidence from a separate investigation into COVID-relief that overlaps with the Defendant's.  This is not an objection to the R&R, however, because the R&R does not speak to this issue.  If, however, the Defendant's objection is considered to be an amended motion to withdraw, the Court should deny it as moot.  The Government agrees to dismiss Count 9 of the indictment, which charges the Defendant with aggravated identity theft, at sentencing.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

BY:   /s/ Jonathan Bailyn
        Jonathan R. Bailyn, AUSA
        Court ID No. A5502602
        500 South Australian Ave, 4th Floor
        West Palm Beach, Florida 33401
        Phone: (561) 209-1050
        jonathan.bailyn@usdoj.gov

CC: U.S Probation