UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cr-20326-KMM-1

UNITED STATES OF AMERICA,

v.

ANDRE LORQUET,

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Andre Lorquet's ("Defendant") Motion to Withdraw Guilty Plea. (ECF No. 85). The Court referred the Motion to the Honorable Lauren F. Louis, United States Magistrate Judge, who held a hearing on the Motion on October 24, 2023 and October 31, 2023. *See* (ECF Nos. 86, 95, 96). On December 8, 2023, Magistrate Judge Louis issued a Report and Recommendation ("R&R") recommending that the Motion be DENIED. (ECF No. 99). Defendant filed timely objections to the R&R. ("Obj.") (ECF No. 100). The Government filed a Response. ("Resp.") (ECF No. 103). Defendant filed a Reply. ("Reply") (ECF No. 104). The matter is now ripe for review.[1] As set forth below, the Court ADOPTS the R&R.

**I.    LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed.

---

[1] The Court assumes the Parties' familiarity with the facts and procedural history, which are set forth in the R&R. *See* R&R at 1–7.

R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

**II.   DISCUSSION**

As set forth in the R&R, Magistrate Judge Louis recommends that Defendant's Motion to Withdraw Guilty Plea be denied. *See generally* R&R. Defendant generally objects to Magistrate Judge Louis's findings and conclusions as set forth in the R&R. *See* Obj. at 2. To the extent that Defendant makes a specific objection R&R, he argues that Magistrate Judge Louis erred in finding that Defendant voluntarily pled guilty. *See* Obj. at 2; Reply at 1. Specifically, Defendant asserts that "he only pled guilty because he felt his back was against the wall. His lawyer had abandoned him as far as he was concerned. And he had been threatened by people who did not want his trial to expose their involvement in the loan fraud scheme with which Mr. Lorquet was charged." Obj. at 2. Defendant also argues that newly discovered evidence provides a fair and just reason for withdrawal of his guilty plea as to Count 9, which charges Defendant with aggravated identity theft. *See id.* at 2–4.

The Court begins with Defendant's first objection. At the outset, the Court notes that Defendant raised the same arguments in his Motion and at the evidentiary hearing, and Magistrate Judge Louis found them without merit. *See generally* R&R. Indeed, Defendant acknowledges that his objections "restate[] and advance[] the facts and arguments that he made in his motion to withdraw his guilty plea." Obj. at 2. In any event, having carefully examined the totality of the circumstances surrounding Defendant's plea in this case, this Court agrees with Magistrate Judge

Louis's finding that Defendant knowingly and voluntarily pled guilty and that his Motion should be denied.

A criminal defendant may withdraw a guilty plea after the Court accepts it but before it imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Williams*, 803 F. App'x 379, 380 (11th Cir. 2020). "A pre-sentence motion to withdraw is to be liberally construed," although there is no absolute right to withdrawal. *United States v. Cesal*, 391 F.3d 1172, 1179 (11th Cir. 2004), *vacated on other grounds by Cesal v. United States*, 545 U.S. 1101 (2005) (quoting *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988)).

In deciding a pre-sentence motion to withdraw guilty plea, the Court considers the "totality of the circumstances surrounding the plea," including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Chicago*, 711 F. App'x 512, 515 (11th Cir. 2017); *see also Buckles*, 843 F.2d at 471–72. "The defendant carries the burden to show a fair and just reason for withdrawal of his plea." *United States v. Midkiff*, 806 F. App'x 678, 680 (11th Cir. 2020).

As noted above, Magistrate Judge Louis determined that Defendant's plea was entered knowingly and voluntarily. *See* R&R at 8–10   Magistrate Judge Louis did not credit Defendant's claim that his lawyer would abandon him because Defendant "did not substantiate why he felt his back was up against a wall even if his retained counsel would not represent him at a trial; for example, he did not claim that he could not have retained new counsel or asked for appointed counsel." *Id.* at 9. Similarly, Magistrate Judge Louis did not credit Defendant's "vague" claim that someone threatened him not to go to trial because "[n]either the speaker nor the threat was

3

identified" and "nothing here would allow me to agree with his characterization that the communication, if it occurred at all, was in fact a threat." *Id.* at 9–10.

In his objections, Defendant does not explain why Magistrate Judge Louis's findings are clearly erroneous, nor does he cite to any legal authority to support his arguments. *See generally* Obj.; Reply. Further, Defendant has not argued, much less shown, that Magistrate Judge Louis's credibility findings were "contrary to the laws of nature or inconsistent or improbable on their face such that no reasonable factfinder could accept them." *United States v. Roddy*, No. 19-14787, 2021 WL 5356005, at *7 (11th Cir. Nov. 17, 2021). Accordingly, after carefully considering Defendant's arguments and the detailed factual findings in the R&R, Court overrules Defendant's first objection.

In his second objection, Defendant asserts that "newly discovered *Brady* evidence seriously challenges the notion that anyone used CD's identity without her involvement in the fraudulent loan as alleged in connection with the aggravated identity theft offense charged in count 9." Obj. at 4. In its Response, the Government acknowledges that it "has discovered and produced to the Defendant evidence from a separate investigation into COVID-relief that overlaps with the Defendant's." Resp. at 5. However, the Government argues that the Court should deny Defendant's second objection as moot because "[t]he Government agrees to dismiss Count 9 of the indictment, which charges the Defendant with aggravated identity theft, at sentencing." *Id.* In light of the Government agreeing to dismiss Count 9 of the Indictment at sentencing, the Court agrees that Defendant's second objection is now moot.

### III.   CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, the R&R (ECF

4

No. 99) is hereby ADOPTED. For the reasons set forth in Magistrate Judge Louis's thorough and persuasive R&R, Defendant's Motion to Withdraw Guilty Plea (ECF No. 85) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this  9th  day of February, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record